**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

_____
            )
**WANDA BEAN,**         )
            )
   **Plaintiff,**       )
            )
   **v.**          )     **CIVIL NO. 3:09CV825**
            )
**MICHAEL J. ASTRUE,**     )
**Commissioner of Social Security,**  )
            )
   **Defendant.**      )
_____)

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(B) on cross-motions for summary judgment.[1]  Plaintiff, Wanda Bean, seeks judicial

review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying

her application for Social Security Disability ("DIB") payments.  The Commissioner's final

decision is based on a finding by an Administrative Law Judge ("ALJ") that Plaintiff was not

disabled as defined by the Social Security Act ("the Act") and applicable regulations.

For the reasons discussed herein, it is the Court's recommendation that Plaintiff's motion

for summary judgment (docket no. 7) be GRANTED; that Defendant's motion for summary

judgment (docket no. 9) be DENIED; and that the final decision of the Commissioner be

---

[1] The administrative record in this case has been filed under seal, pursuant to Local Civil
Rules 5 and 7(C).  In accordance with these Rules, the Court will endeavor to exclude any personal
identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth
(except for year of birth), and any financial account numbers from its consideration of Plaintiff's
arguments and will further restrict its discussion of Plaintiff's medical information to only the extent
necessary to properly analyze the case.

REVERSED and REMANDED for further administrative proceedings in accordance with this report and recommendation.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed for DIB on August 19, 2005, claiming disability due to ulcerative colitis and total abdominal hysterectomy, with an alleged onset date of November 30, 1999. (R. at 43-47, 68-69.) The Social Security Administration ("SSA") denied Plaintiff's claims initially and on reconsideration.[2] (R. at 26-30; 32-34.) On July 18, 2007, accompanied by counsel, Plaintiff testified before an ALJ. (R. at 908-52.) On July 27, 2007, the ALJ denied Plaintiff's application, finding that she was not disabled under the Act where Plaintiff retained the residual functional capacity to perform her past relevant work, "as it was actually and generally performed." (R. at 20-23.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court. (R. at 5-7.)

## II. QUESTION PRESENTED

Is the Commissioner's decision that Plaintiff is not entitled to benefits supported by substantial evidence on the record and the application of the correct legal standard?

## III. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the

---

[2] Initial and reconsideration reviews in Virginia are performed by an agency of the state government–the Disability Determination Services (DDS), a division of the Virginia Department of Rehabilitative Services–under arrangement with the SSA. 20 C.F.R. Part 404, Subpart Q; see also § 404.1503. Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

record and whether the proper legal standards were applied in evaluating the evidence.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is more than a scintilla, less than a preponderance, and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In order to find whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.'"  Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589).  In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'"  Breeden v. Weinberger, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951)).  The Commissioner's findings as to any fact, if the findings are supported by substantial evidence, are conclusive and must be affirmed.  Perales, 402 U.S. at 390.  While the standard is high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision.  Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required in order to determine if a claimant is eligible for benefits.  20 C.F.R. §§ 416.920, 404.1520; Mastro, 270 F.3d at 177.  The analysis is conducted for the Commissioner by the ALJ, and it is that process that a court must examine on appeal to determine whether the correct legal standards were

applied, and whether the resulting decision of the Commissioner is supported by substantial evidence on the record.

The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted "substantial gainful activity" (SGA).[3] 20 C.F.R. §§ 416.920(b), 404.1520(b). If a claimant's work constitutes SGA, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition. Id. If the claimant establishes that she did not engage in SGA, the second step of the analysis requires her to prove that she has "a severe impairment . . . or combination of impairments which significantly limit[s] [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); see also 20 C.F.R.404.1520(c). In order to qualify as a severe impairment that entitles one to benefits under the Act, it must cause more than a minimal effect on one's ability to function. 20 C.F.R. § 404.1520(c). At the third step, if the claimant has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing of impairments) and lasts, or is expected to last, for twelve months or result in death, it constitutes a qualifying impairment and the analysis ends. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the impairment does not meet or equal a listed impairment, then the evaluation proceeds to the fourth step in which the ALJ is required to determine whether the claimant can

---

[3] SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like, are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

return to her past relevant work[4] based on an assessment of the claimant's residual functional capacity (RFC)[5] and the "physical and mental demands of work [the claimant] has done in the past." 20 C.F.R. §§ 416.920(e), 404.1520(e). If such work can be performed, then benefits will not be awarded. Id. However, if the claimant cannot perform her past work, the burden shifts to the Commissioner at the fifth step to show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The Commissioner can carry his burden in the final step with the testimony of a vocational expert ("VE"). When a VE is called to testify, the ALJ's function is to pose hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all the claimant's impairments so that the VE can offer testimony about any jobs existing in the national economy that the claimant can perform. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Only when the hypothetical posed represents *all* of the claimant's substantiated impairments will the testimony of the VE be "relevant or helpful." Id. If the ALJ finds that the claimant is not

---

[4] Past relevant work is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

[5] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR-96-8p. When assessing the RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. Id. (footnote omitted).

capable of SGA, then the claimant is found to be disabled and is accordingly entitled to benefits. 20 C.F.R. §§ 416.920(f)(1), 404.1520(f)(1).

## IV. ANALYSIS

The ALJ found at step one that Plaintiff had not engaged in SGA since the alleged onset of her disability. (R. at 19.) At steps two and three, the ALJ found that Plaintiff had the severe impairment of residuals of ulcerative colitis, but that this impairment did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, as required for the award of benefits at that stage. (R. at 19-20.) The ALJ next determined that Plaintiff had the RFC to perform sedentary work, except that she must avoid working around heights and moving machinery. (R. at 20-23.) Additionally, the ALJ found that Plaintiff could "understand, remember, and carry out simple tasks and instructions." (R. at 20.)

The ALJ then determined at step four of the analysis that Plaintiff could perform her past relevant work as a data processor/programmer because such work did not require activities precluded by Plaintiff's RFC. (R. at 23.) Because the ALJ determined that Plaintiff was capable of performing her past relevant work, it was unnecessary to pursue the analysis to step five in which the Commissioner would have had the burden to show that, considering the claimant's age, education, work experience, and RFC, the claimant was capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f); 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). Accordingly, the ALJ concluded that Plaintiff was not disabled and was employable such that she was not entitled to benefits. (R. at 23.)

Plaintiff moves for a finding that she is entitled to benefits as a matter of law, or in the alternative, she seeks reversal and remand for additional administrative proceedings. (Pl.'s Mot. for Summ. J.) In support of her position, Plaintiff argues that the ALJ wrongfully concluded that Plaintiff was capable of performing her past relevant work. (Pl.'s Mem. in Supp. of Mot. for Summ. J. ("Pl.'s Mem.") at 6-14.) Defendant argues in opposition that the Commissioner's final decision is supported by substantial evidence and application of the correct legal standard such that it should be affirmed. (Def.'s Mot. for Summ. J. and Br. in Supp. Thereof ("Def.'s Mem.") at 9-14.)

A.    **The ALJ's conclusion that Plaintiff can perform her past relevant work is not supported by substantial evidence, as it is unclear what Plaintiff's mental limitations are, and such a determination is necessary to assess Plaintiff's capability to perform her past work.**

Plaintiff argues that the ALJ did not properly ascertain or consider the mental demands[6] of Plaintiff's past relevant work. (Pl.'s Mem. at 6-8.) Plaintiff asserts that the ALJ's statement that Plaintiff could understand, remember, and carry out simple tasks and instructions was a statement of the <u>most</u> Plaintiff was capable of, not the least. (Pl.'s Mem. at 8-9; <u>see</u> 20 C.F.R. § 404.1545(a)(1); SSR 96-9p.) However, Plaintiff argues that her past relevant work as a data processor/programmer[7] entailed more than understanding, remembering, and carrying out simple

_____

[6] Plaintiff does not dispute the ALJ's RFC assessment with regard to the physical demands; accordingly, the Court limits its discussion to solely the nonexertional demands associated with her RFC and past relevant work.

[7] The ALJ asked Plaintiff what she did at her last place of employment. Plaintiff responded that she did "Y2K" changes, that she was pretty much at a desk at a computer terminal the entire time, and that no heavy lifting was involved. (R. at 930.) When Plaintiff was in the Navy, Plaintiff testified that she did "data processing, supply desk" on watch intervals of eighteen to twenty-four hours, but was not sitting at a desk the entire time. (R. at 931.) In Plaintiff's Work History Reports, she stated that the jobs she held in the last fifteen years were in "data processing" and as a

tasks and instructions.  (Pl.'s Mem. at 9; see 20 C.F.R. § 404.1566(d)(1).)

Though Plaintiff did not allege any disabling mental limitations, the ALJ seemingly included a mental limitation in his RFC analysis.  The ALJ stated that Plaintiff could "understand, remember, and carry out simple tasks and instructions."  (R. at 20.)  While Plaintiff asserts that the statement is descriptive of the extent of Plaintiff's abilities, such a conclusion is inconsistent with the remainder of the ALJ's RFC analysis.  Specifically, the ALJ noted that following Plaintiff's surgery for ulcerative colitis, "she was able to return to substantial gainful activity with the same impairments she has now."  (R. at 22, emphasis added.)  Such a statement implies that Plaintiff was able to return to her past relevant work, especially where the ALJ also noted that Plaintiff was able to attend college, was on the Dean's List despite letters stating she missed classes due to illness, and that her "mental impairment is not consistent with her academic achievement."  (R. at 22.)  Such factual details imply that Plaintiff was capable of more than understanding, remembering, and carrying out only simple tasks and instructions, and it is notable that the ALJ did not say that the Plaintiff was limited to understanding, remembering, and carrying out simple tasks and instructions, only that she was able to do so. However, there remains some confusion as to the extent of Plaintiff's mental abilities.

As Plaintiff noted, understanding, remembering, and carrying out simple tasks and instructions is indicative of unskilled work.  (Pl.'s Mem. at 9; 20 C.F.R. § 404.1568(a).) Unskilled jobs are those that can usually be learned within thirty days.  Id.  However, Plaintiff's past relevant work amounted to a level higher than simple unskilled work.  Though "data

---

"programmer."  (R. at 76.)  She also clarified that she was a computer programmer while employed with GEICO Insurance Company, and a data processor with the U.S. Navy.  (R. at 84.)

processor" is not found in the Dictionary of Occupational Titles ("DOT"), the position of "data entry clerk" takes three to six months to learn, which would place it at a level above unskilled work. DOT 203.582-054. Furthermore, the position of "computer programmer" has a Specific Vocational Preparation ("SVP") of two to four years, again falling into a category of work higher than unskilled. DOT 030.162-010.

Defendant argues that the plain language of the ALJ's RFC determination demonstrates that Plaintiff's ability to understand, remember, and carry out simple tasks and instructions was not the most she could do. (Def.'s Mem. at 11.) Defendant further argues that Plaintiff did not contend that she became more mentally limited after her last employment, and there is no evidence of any psychiatric condition that would cause disabling limitations. (Def.'s Mem. at 11-12.) Further, even if the ALJ erred by not explicitly stating that Plaintiff was mentally capable of more than unskilled work, such an error was harmless. (Def.'s Mem. at 12.)

Though Defendant is correct that the medical record does not appear to support such a minimal mental RFC, and Plaintiff has not alleged that she became more mentally limited since her last employment, the Court cannot ignore the fact that the ALJ reached a seemingly contradictory conclusion. The Court cannot ascertain whether the ALJ was limiting Plaintiff to unskilled work (which seems unlikely, based on the entirety of his RFC analysis, the medical record, and Plaintiff's own allegations), or whether he merely opined that Plaintiff could perform unskilled work. Therefore, it is the Court's recommendation that the case be remanded to the ALJ for clarification of Plaintiff's RFC; and, consequently, a more thorough determination of whether or not, from a nonexertional standpoint, she is capable of performing her past relevant work.

**B.      The VA Determination.**

Plaintiff also contends that the Veterans Administration's ("VA") determination that Plaintiff was disabled as of May 27, 2003 should have been considered by the ALJ.  (Pl.'s Mem. at 10-11.)  Plaintiff argues that the ALJ cannot "completely exclude" consideration of such a determination.  (Pl.'s Mem. at 11.)  Plaintiff notes that though her VA award was effective on May 27, 2003, five months after her last insured date of December 31, 2002, the VA considered evidence that predated the December of 2002 date; therefore, the evidence has "temporal relevance."  (Pl.'s Mem. at 11-12.)  In response, Defendant argues that the VA's determination was also based on evidence which was developed <u>after</u> Plaintiff's last insured date of December 31, 2002, and, therefore, it was "justifiably not accorded any probative weight."  (Def.'s Mem. at 12-13.)

Initially, the Court notes that the ALJ did not "completely exclude" consideration of the VA determination.  In his RFC analysis, the ALJ noted the VA determination, stating that it was "subsequent to [Plaintiff's] date last insured for Social Security benefits."  (R. at 21.)  It appears that the ALJ did not entertain further discussion with regards to the VA determination because not only was it not binding on the ALJ[8], but it was issued after Plaintiff's last insured date, which rendered a more thorough analysis on such determination unnecessary.  The Court also notes that the VA relied on medical evidence pre-dating Plaintiff's last insured date, but the Court is mindful of the fact that the VA also considered evidence which post-dated Plaintiff's last insured date.  (R. at 53-55.)  The Court therefore recommends that the ALJ's decision to not consider the

---

[8] <u>See</u> 20 C.F.R. § 404.1504 (stating that decisions by governmental or non-governmental agencies regarding disability determinations are not binding, as those decisions are based on different rules).

VA determination is not a basis for remand, as the ALJ did not "completely exclude" the evidence from his analysis, and his decision to not adopt the determination is supported by substantial evidence. However, if the case is remanded, the ALJ may nevertheless find it prudent to clarify his reasons for not considering such evidence.

## V. CONCLUSION

Although the Court concludes that the record does not provide substantial evidence to sustain the ALJ's conclusion that Plaintiff is not disabled, the Court is unable at the same time to recommend an outright award of benefits. The Court is mindful of the prolonged period of time that the matter has been pending; and, therefore, if remanded, it is recommended that the ALJ expedite the process by reconsidering Plaintiff's application in light of this report and that a final administrative decision be issued in which all findings are sufficiently articulated and substantiated.

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's motion for summary judgment (docket no. 7) be GRANTED; that Defendant's motion for summary judgment (docket no. 9) be DENIED; and, that the final decision of the Commissioner be REVERSED and REMANDED for further administrative proceedings consistent with this report and recommendation.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Henry E. Hudson and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within**

**fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

_____/s/_____
DENNIS W. DOHNAL
UNITED STATES MAGISTRATE JUDGE

Date:  June 11, 2010
Richmond, Virginia