IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



WANDA BEAN,                )
                           )
        Plaintiff,          )
                           )
v.                         )  Civil Action No. 3:09CV825-HEH
                           )
MICHAEL J. ASTRUE,         )
Commissioner of Social Security, )
                           )
        Defendant.          )

## MEMORANDUM OPINION
(Adopting the Magistrate Judge's Report and Recommendation)

This is an action contesting the denial of Social Security Disability payments by the Commissioner of Social Security. It is presently before the Court on the Report and Recommendation ("R&R") of the magistrate judge concerning the parties' cross motions for summary judgment. For the reasons stated below, the R&R is adopted, Plaintiff's motion for summary judgment is granted, Defendant's motion for summary judgment is denied, and the Commissioner's denial of benefits is reversed and remanded for further administrative proceedings.

## I.

On August 19, 2005, Wanda Bean ("Plaintiff") filed a claim for Disability Insurance Benefits ("DIB"), alleging disability due to ulcerative colitis and total abdominal hysterectomy. (R. at 43-47, 68-69.) The Social Security Administration

("SSA") denied Plaintiff's claims initially and again upon reconsideration.[1] (R. at 26-30, 32-34.) At her request, Plaintiff's claim was heard by an Administrative Law Judge ("ALJ").

Following that hearing, on July 27, 2007, the ALJ issued a decision and concluded that Plaintiff did not qualify for disability payments. The ALJ found that Plaintiff retained the residual functional capacity ("RFC")[2] to perform her past relevant work, "as it was actually and generally performed." (R. at 20-23.) Notably, the ALJ further found that although the United States Veterans Administration ("VA") concluded in 2003 that Plaintiff was disabled, this determination was not binding on the SSA. The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's ruling the final decision of the Commissioner, subject to judicial review by this Court.

Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision. Both parties filed motions for summary judgment, which were referred to a magistrate judge for an R&R. The magistrate judge concluded that the record does not provide substantial evidence to sustain the ALJ's conclusion that Plaintiff is not disabled. Furthermore, the magistrate judge concluded that in deciding whether Plaintiff was entitled to disability payments from the SSA, the ALJ properly decided that the 2003 VA disability determination was not binding on the SSA. Accordingly, the magistrate judge

---

[1] Agencies of the state government generally make initial disability determinations. *See* 20 C.F.R. pt. 404, subpt. Q. Subsequent proceedings, including hearings before Administrative Law Judges ("ALJs"), are conducted by personnel of the SSA. *See id.*

[2] RFC is "an assessment of an individuals' ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling ("SSR") 96-8p, 1996 SSR LEXIS 5, at *1 (July 2, 1996).

2

recommended that Plaintiff's motion for summary judgment be granted, the Commissioner's motion for summary judgment be denied, and the final decision of the Commissioner be reversed and remanded for further administrative proceedings.

Plaintiff objected to the R&R, while the Commissioner did not. Plaintiff's objection is based solely on whether the ALJ gave the VA disability determination proper weight in denying her SSA disability benefits.

## II.

The Court reviews *de novo* any part of the Magistrate Judge's Report and Recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3)

When reviewing a denial of benefits by the Commissioner pursuant to 42 U.S.C. § 405(g), the Court must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). In other words, substantial evidence requires more than a scintilla, but less than a preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

In determining whether substantial evidence exists, the Court must consider the record as a whole. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir.

3

1991), *superseded on other grounds*, 20 C.F.R. § 404.1527. The Court may not, however, weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176. In short, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653.

### III.

Plaintiff does not object to the magistrate judge's recommendation that the ALJ's decision was not supported by substantial evidence. Rather, Plaintiff asserts that the ALJ did not properly consider the VA disability determination in denying her SSA benefits. Therefore, Plaintiff argues that this Court should consider the VA determination and award her full disability benefits in lieu of remanding the matter for further administrative proceedings. This Court disagrees.

The magistrate judge correctly concluded that decisions by governmental agencies regarding disability determinations are not binding on the ALJ because they are based on different rules. (R&R at 10, citing 20 C.F.R. § 404.1504.) Although the VA determination was not binding on the ALJ, the record reflects that the ALJ did not completely exclude it from consideration. Instead, the ALJ noted that the VA determination was made "subsequent to [Plaintiff's] date last insured for Social Security benefits." (R. at 21.) Since the VA determination relied in part on medical evidence that post-dated Plaintiff's last insured date, the ALJ made a well-reasoned decision not to adopt the VA determination. (R. at 21.) Accordingly, this Court finds that the ALJ's

4

decision in this regard is supported by substantial evidence and was reached by applying the correct legal standard. *Hines*, 453 F.3d at 561. Plaintiff's objection is therefore overruled.

### IV.

For the aforementioned reasons, Plaintiff's objection to the R&R is overruled and the R&R will be adopted. Plaintiff's motion for summary judgment will be granted, Defendant's motion for summary judgment will be denied, and the final decision of the Commissioner will be reversed and remanded for further administrative proceedings.

/s/
Henry E. Hudson
United States District Judge

Date: March 17 2011
Richmond, VA